**SULAIMANLAW GROUP**
Alexander J. Taylor
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
Email: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| TAI YUE, <br><br> Plaintiff, <br><br> v. <br><br> KIMBALL, TIREY & ST. JOHN, LLP <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** <br> 2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

**NOW COMES** TAI YUE ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of KIMBALL, TIREY & ST. JOHN ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress Defendant's violations of the

1

Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. § 1692, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), pursuant to Cal. Civ. Code § 1788.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the Eastern District of California and all of the events or omissions giving rise to the claims occurred in the Eastern District of California.

## PARTIES

5. Plaintiff is a consumer and a natural person, over 18-years-of-age who, at all times relevant resided in Riverbank, California.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. Defendant's principal place of business is located at 7676 Hazard Center Drive, Suite 900, San Diego, California 92108.

7. Defendant acted through its agents, employees, officers, members,

2

directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSE OF ACTION

8. In July 2020, Plaintiff entered into a lease agreement for an apartment ("unit"). Upon termination of the lease, Plaintiff diligently fulfilled all obligations, leaving the unit in good condition with no damages or outstanding rent due.

9. On January 16, 2024, Plaintiff received a collection letter from Defendant demanding payment of $1,568.14 ("subject debt") purportedly for unpaid rent and damages related to his tenancy.

10. On January 17, 2024, Defendant began to report the subject debt to Plaintiff's consumer credit report.

11. On January 26, 2024, Plaintiff promptly disputed the subject debt when Plaintiff sent a written correspondence to Defendant. Sometime thereafter, Defendant re-reported the subject debt to the credit reporting agencies but failed to notate the subject debt as disputed.

12. Despite attempts to dispute the subject debt, the subject debt continued to appear on Plaintiff's credit reports prior to receiving any response from Defendant or mark the subject debt as "disputed."

13. As of today, Defendant's erroneous reporting and re-reporting of the subject debt continues to paint a false and damaging image of Plaintiff. Defendant has yet to update the subject tradeline to report accurately and completely.

14. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned counsel regarding his rights, and Defendant's unfair practices.

15. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

**COUNT I - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

16. Plaintiff restates and realleges paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

18. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

19. Defendant is a "debt collector" as defined by § 1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

20. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. § 1692a(6).

21. Defendant used collection calls to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA § 1692a(2).

22. Defendant violated 15 U.S.C. § 1692e8 and f through its unlawful debt

collection practices.

      **a.**     **Violations of FDCPA § 1692e**

23. Pursuant to 15 U.S.C. § 1692e a debt collector may not participate in "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

24. Defendant violated § 1692e8 by communicating false and inaccurate credit reporting information regarding the subject debt to Plaintiff. Defendant knew or should have known that the subject debt was disputed by Plaintiff.

25. Moreover, Defendant violated §1692e(8) by failing to notate to the credit reporting agency, that the subject debt was disputed by Plaintiff. Specifically, Defendant failed to notate the subject debt as "disputed" to one or more credit reporting agencies.

26. As an experienced debt collector, Defendant knew or should have known the ramifications of using deceptive and misleading means to attempt to collect a debt.

27. As stated above, Plaintiff was severely harmed by Defendant's conduct.

      **b.**     **Violations of FDCPA § 1692f**

28. Defendant violated §1692f by using unfair means in connection with the collection of the subject debt by knowingly not marking the subject debt as disputed in Plaintiff's credit files.

5

29. Defendant intentionally misled Plaintiff believing that his disputes were not addressed in order to generate additional profits.

**WHEREFORE**, Plaintiff TAI YUE, respectfully requests that this Honorable Court for the following relief:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FDCPA violations, pursuant to 15 U.S.C. § 1692k;

    c. Award Plaintiff statutory damages of $1,000.00 for the underlying FDCPA violations, pursuant to 15 U.S.C. § 1692k;

    d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FDCPA violations, pursuant to 15 U.S.C. § 1692k;

    e. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1692k; and

    f. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

32. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

33. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a.  Violations of RFDCPA § 1788.17**

34. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

35. As outlined above, through its conduct in attempting to collection upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§ 1692e8 and f of the FDCPA. Therefore, Defendant engaged in noncompliant conduct through its engagement with Plaintiff, in violation of the RFDCPA.

36. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

37. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff TAI YUE, respectfully requests that this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations, pursuant to 15 U.S.C. § 1692k;

c. Award Plaintiff statutory damages of $1,000.00 for the underlying RFDCPA violations;

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

e. Award Plaintiff costs and reasonable attorney's fees; and

f. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: April 19, 2024                                Respectfully submitted,

By: */s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
Atlas Consumer Law
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
Email: ataylor@sulaimanlaw.com